UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-9530 FMO (AJRx)** | Date | **December 1, 2025** |
|---|---|---|---|
| Title | **Gena Morehouse v. Bell Partners Inc., <u>et</u> <u>al.</u>** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**     **(In Chambers) Order Re: Pending Motion [14]**

Having reviewed the briefing filed with respect to Gena Morehouse's ("plaintiff") Motion to Remand (Dkt. 14, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, <u>see</u> Fed. R. Civ. P. 78; L. R. 7-15; <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On July 29, 2025, plaintiff filed a putative class action in state court against Bell Partners Inc. ("Bell"), asserting a single claim for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, <u>et</u> <u>seq.</u> (<u>See</u> Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1, 3); (Dkt. 1-2, Complaint at ¶¶ 48-64). On October 6, 2025, plaintiff added BCF I Warner Center, LLC ("BCF") as a defendant. (Dkt. 13, Stipulation at ¶ 3) ("On October 6, 2025, Plaintiff amended the Complaint in the state court action to substitute Defendant BCF I Warner Center, LLC for Doe 1."); (<u>see</u> Dkt. 11, Joinder and Consent to Removal). Plaintiff alleges that Bell, a large "residential landlord in the United States," (<u>see</u> Dkt. 1-2, Complaint at ¶ 3), violates the UCL by charging "junk fees." (<u>See</u> <u>id.</u> at ¶¶ 2, 48-64). Plaintiff seeks to represent a class comprised of persons who leased defendants' rental units in California. (<u>See</u> <u>id.</u> at ¶ 39).

On October 6, 2025, Bell removed the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d). (<u>See</u> Dkt. 1, NOR at ¶ 16). Now pending is plaintiff's motion to remand. (<u>See</u> Dkt. 14, Motion).

## LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action could have originally been brought in federal court. <u>See</u> 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-9530 FMO (AJRx)** | Date | **December 1, 2025** |
|---|---|---|---|
| Title | **Gena Morehouse v. Bell Partners Inc., et al.** | | |

requirements set forth in 28 U.S.C. § 1332(d)(2)."  United Steel, Paper & Forestry, Rubber, Mfg.,
Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087,
1090-91 (9th Cir. 2010); see also Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1195 (9th Cir.
2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized
jurisdictional requirements[.]").  Under CAFA, "district courts shall have original jurisdiction of any
civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive
of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a
citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2)(A).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to
facilitate adjudication of certain class actions in federal court."  Dart Cherokee Basin Operating
Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).  Indeed, "Congress intended
CAFA to be interpreted expansively."  Ibarra, 775 F.3d at 1197.

**DISCUSSION**

Plaintiff contends that defendants have failed to show that the amount in controversy
exceeds the $5 million CAFA threshold, and that diversity jurisdiction therefore does not exist.
(See Dkt. 14, Motion at 1-2); (Dkt. 14-1, Memorandum of Points and Authorities ("Memo") at 7-10).
The court agrees.

"A defendant's amount in controversy allegation is normally accepted when invoking CAFA
jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'"  Jauregui v.
Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee, 574
U.S. at 87, 135 S.Ct. at 553).  "[T]he plaintiff can contest the amount in controversy by making
either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations. . . . When a plaintiff
mounts a factual attack, the burden is on the defendant to show, by a preponderance of the
evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold."  Harris
v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020) (internal citations omitted).  "The parties may
submit evidence outside the complaint, including affidavits or declarations, or other
summary-judgment-type evidence relevant to the amount in controversy at the time of removal."
Ibarra, 775 F.3d at 1197 (internal quotation marks omitted).  "CAFA's requirements are to be
tested by consideration of real evidence and the reality of what is at stake in the litigation, using
reasonable assumptions underlying the defendant's theory of damages exposure."  Id. at 1198.

The amount-in-controversy "does not mean likely or probable liability; rather, it refers to
possible liability."  Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020).  It "reflects
the maximum recovery the plaintiff could reasonably recover."  Arias v. Residence Inn by Marriott,
936 F.3d 920, 927 (9th Cir. 2019).  "[W]hen the defendant relies on a chain of reasoning that
includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying
assumptions must be reasonable ones."  LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1202 (9th
Cir. 2015).  The "assumptions cannot be pulled from thin air[.]"  Ibarra, 775 F.3d at 1199.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-9530 FMO (AJRx)** | Date | **December 1, 2025** |
|---|---|---|---|
| Title | **Gena Morehouse v. Bell Partners Inc., et al.** | | |

The "burden of demonstrating the reasonableness of the assumptions on which the calculation of the amount in controversy [is] based remain[s] at all times with [the defendant]." Harris, 980 F.3d at 701. However, a defendant does not need to "provide evidence proving the assumptions correct[,]" as this would be akin to "impos[ing] a requirement that [the defendant] prove it actually violated the law at the assumed rate." Arias, 936 F.3d at 927. "An assumption may be reasonable if it is founded on the allegations of the complaint." Id. at 925.

Here, defendants contend that "the face of the Complaint shows that Plaintiff's damages claim meets the jurisdictional minimum required by CAFA." (See Dkt. 19, Opposition to Motion ("Opp.") at 13). Defendants point to the allegations in the Complaint that: (1) Bell "manages over 3,000 rental units," (Dkt. 1-2, Complaint at ¶ 3); (2) plaintiff alleges that "[f]or a 1-year span, [she] would be required to pay at least $385 in unavoidable [j]unk [f]ees[,]" (id. at ¶¶ 13, 35, 56); (3) plaintiff's claim is typical of the class; (id. at ¶ 43); and (4) the class period is from 6 years prior to the filing of the Complaint up to class certification. (Id. at ¶ 40); (see Dkt. 19, Opp. at 7). According to defendants, "basic arithmetic" yields an amount in controversy of $6.93 million. (Dkt. 19, Opp. at 13-14). The problem with defendants' arithmetic, however, is that it relies on a speculative input – the 3,000-plus rental units or class members. Defendants pull this figure from a single sentence in the introduction section of the Complaint, stating that "Bell . . . a North Carolina corporation . . . one of the largest residential landlords in the United States . . . manages over 3,000 rental units, and has over $7 billion in managed assets." (See Dkt. 1-2, Complaint at ¶ 3). But this statement fails to indicate whether the 3,000 units are all located in California, or whether it relates to Bell's rental units throughout the United States.[1] (See id.). A fair reading of the statement points to the latter. Given this, the court finds that defendants have failed to show that the amount in controversy exceeds $5 million as required by CAFA.[2]

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand **(Document No. 14)** is **granted**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of

---

[1] No doubt, determining how many rental united are located in California would be readily available to Bell. Yet, defendants did not submit this information in connection with their Opposition. (See, generally, Dkt. 19, Opp.)

[2] Defendants state that plaintiff previously represented that plaintiff indicated the amount in controversy exceed $5 million. (See Dkt. 19, Opp. at 16); (Dkt. 19-1, Declaration of Nicholas M. Gross in Support of Opp. ("Gross Decl.") at ¶ 12). Plaintiff disputes this. (See Dkt. 14-1, Memo at 1). Given that defendants' counsel appears uncertain whether plaintiff's counsel was referring to this case, (see Dkt. 19-1, Gross Decl. at ¶ 12), the court does not consider it. Morever, given the court's determination regarding the amount in controversy issue, the court need not address the parties' remaining contentions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-9530 FMO (AJRx)** | Date | **December 1, 2025** |
|---|---|---|---|
| Title | **Gena Morehouse v. Bell Partners Inc., et al.** | | |

California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3.  The Clerk shall send a certified copy of this Order to the state court.

4.  Any pending motion(s) is denied as moot.


                                                    00      :      00
                            Initials of Preparer            vdr